# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING MOTION TO** |
| | ) | **COMPEL** |
| vs. | ) | |
| | ) | |
| Bruce E. Johnson, et al., | ) | Case No. 1:18-cv-040 |
| | ) | |
| Defendants. | ) | |

On January 24, 2020, the United States filed a Motion to Compel Discovery Responses and Production of Documents pursuant to Fed. R. Civ. P. 26, 33, 34, and 37. It avers that the Defendants Bruce and Elizabeth Johnson (hereinafter collectively referred to as "the Johnsons") have failed to respond to the interrogatories and production requests with which they were served on July 26, 2019. For the reasons articulated below, the United States' motion is granted.

## I. BACKGROUND

The United States initiated the above-captioned matter by complaint on March 1, 2019, seeking to: (1) reduce to judgment unpaid federal income, employment, and unemployment tax assessments made against Bruce E. Johnson; and (2) enforce federal tax liens that attached to certain real property located Minot, North Dakota. (Doc. Nos. 1 and 27-1).

The United States served the Johnsons with its First Set of Interrogatories and First Set of Requests for Production of Documents on July 26, 2019. (Doc. No. 27-1). The Johnsons did not respond to these discovery requests within the 30 days afforded them under Rules 33 and 34 of the Federal Rules of Civil Procedure. (Id.)

On October 23, 2019, the United States contacted the Johnsons to request their responses to its outstanding discovery requests. (Id.). It also contacted the court pursuant to D.N.D. Civ. L.R. 37.1

1

to request a status conference to discuss the delinquent discovery responses. (Doc. No. 24).

On October 24, 2019, the court issued an order in which it (1) scheduled a status conference for November 6, 2019, and (2) extended the discovery deadlines until November 18, 2019. (Id.).

On November 6, 2019, the court held a conference with the parties by telephone. During the conference it confirmed that the Johnsons had yet to respond to the United States' discovery requests. (Doc. No. 25). Following the conference, the court issued an order giving the Johnsons until December 13, 2019, to respond to the United Sates' outstanding discovery requests and extending the discovery deadline until March 1, 2020. (Doc. No. 26).

On January 24, 2020, the United States filed a motion to: (1) compel the Johnsons to fully respond, without objections, to its discovery requests; and (2) extend the discovery and case management deadlines. (Doc. Nos. 27 and 28). On February 5, 2020, the court issued an order extending the deadlines for completing fact discovery and filing discover motions until May 1, 2020.

## II. DISCUSSION

Rules 33 and 34 of Federal Rules of Civil Procedure authorizes a party to serve, within the scope of Rule 26(b), interrogatories and production requests on the opposing party. Rule 26 defines the scope of discovery as follows:

> Unless otherwise limited by court order . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1); see also Colonial Funding Network, Inc. v. Genuine Builders, Inc., 326 F.R.D. 206, 211 (D.S.D. 2018). "The reason for the broad scope of discovery is that '[m]utual knowledge of

all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession.'" 8 Wright & Miller, § 2007, 39 (quoting Hickman v. Taylor, 329 U.S. 495, 507–08 (1947)). "Discoverable information itself need not be admissible at trial; rather, the defining question is whether it is within the scope of discovery." Colonial Funding Network, Inc. v. Genuine Builders, Inc., 326 F.R.D. 206, 211 (citing Fed. R. Civ. P. 26(b)(1)).

Rule 37 of Federal Rules of Civil Procedure sets forth the recourse available to a party whose requests for discovery go unanswered. Specifically, it provides that, "[o]n notice to other parties all affected persons, a party move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). It further provides that "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P 37(a)(3)(A). Finally, it provides that a party may move to compel a response from a party who fails to answer interrogatories or produce requested documents. Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv).

Invoking Rule 37, the United States moves to compel the Johnsons to respond to their discovery requests. Notably, the Johnsons have neither filed a response to the United States' motion nor otherwise objected to the United States' discovery requests in the time allotted to them under the applicable rules of civil procedure. See e.g., D.N.D. Civil L.R. 7.1(B) (stating that, upon service of a non-dispositive motion, the adverse party has 14 days in which to file a response); D.N.D. Civ. L. R. 7.1(F) ("An adverse party's failure to serve and file a response to a motion may be deemed an admission that the motion is well taken."); Fed. R. Civ. P. 33(b) (stating answers and objections to interrogatories are due within 30 days of service unless otherwise agreed upon by the parties or ordered

3

by the court). The fact that the Johnsons were, for a time, proceeding *pro se*[1] does not excuse their noncompliance with substantive and procedural law. Farnsworth v. City of Kansas City, Mo., 863 F.2d 33, 34 (8th Cir. 1988); Am. Inmate Paralegal Assoc. v Cline, 859 F.2d at 61; Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984).

The Johnsons' noncompliance with procedure and apparent disengagement aside, the discovery requests propounded by the United States appear at first blush appear to be reasonably calculated to lead to the discovery of admissible evidence. Consequently, the court shall grant the United States' motion and direct the Johnsons to respond to the United States' discovery requests. The Johnsons should take heed that a failure on their part to comply with the court's discovery orders could result in the imposition of sanctions. See Fed. R. Civ. P. 37(b)(2)(enumerating the sanctions that court can impose should a party fail to obey an order to provide or permit discovery).

### III. CONCLUSION

The United States' Motion to Compel Discovery Responses and Production of Documents (Doc. No. 27) is **GRANTED**. The Johnsons shall have until March 16, 2020, to respond to the United States' outstanding discovery requests. Failure to comply with this order may result in the imposition of sanctions.

**IT IS SO ORDERED.**

Dated this 26th day of February, 2020.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court

---

[1] The Johnsons were initially being represented by attorneys Samuel Larson and Damian Huettl. (Doc. No. 6). Attorneys Larson and Huetll moved to withdraw on May 14, 2019. (Doc. No. 13). The court granted the motion on May 31, 2019. (Doc. No. 16). Attorney James Maring entered his appearance on behalf of the Johnsons on February 11, 2020. (Doc. No. 31).