**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER EXTENDING PRETRIAL DEADLINES** |
| | ) | **AND AUTHORIZING REMOTE DEPOSITIONS** |
| vs. | ) | |
| | ) | |
| Bruce E. Johnson, et al., | ) | Case No. 1:18-cv-040 |
| | ) | |
| Defendants. | ) | |

Before the court is the United States' "Fourth Motion for Enlargement of Discovery Period and Related Deadlines and Motion for Entry of a Rule 30(b)(4) Order Authorizing Remote Depositions." The United States requests a 60-day enlargement of the case management deadlines in order to allow sufficient time to complete discovery. It also requests court authorization to conduct depositions remotely. It advises that Defendants Bruce and Elizabeth Johnson have no objection to either of its requests.

The court **GRANTS** the United States' motions (Doc. Nos. 35 and 36). The court **ORDERS** that the pretrial deadlines shall be amended as follows:

1. The deadline for completion of fact discovery and filing of discovery motions is enlarged to October 30, 2020;

2. The deadline for plaintiff's expert identification & reports is enlarged to December 2, 2020;

3. The deadline for defendants' expert identification & reports is enlarged to December 29, 2020;

4. The deadline for dispositive motions is enlarged to January 26, 2021;

1

The court further **ORDERS**:

5. Depositions may be taken by remote means in the above-captioned case.

6. Parties may notice depositions pursuant to Fed. R. Civ. P. 30(a)(1) without separately seeking leave to do so (as required by Fed. R. Civ. P. 30(b)(4)).

7. The party noticing the deposition may choose the remote means for the deposition - whether through a remote deposition service (or software) provided by a court reporting service or a telephonic deposition. The notice of deposition will set forth through what remote method the deposition will be taken.

8. The party defending the deposition is responsible for providing for itself/themselves, and for the witness, a computer connected to the internet with a working webcam and microphone or, in the event of a telephonic deposition, a working telephone line.

9. At least two weeks in advance of any deposition, the party defending the deposition must ensure that the witness is able to gain access to the remote deposition service or the telephonic conference line and confirm such access with the noticing party in writing. If any access issues are identified at this time, the party defending the deposition is obligated to promptly notify the noticing party in writing.

10. At least four days in advance of any deposition the Parties will notify each other by email as to the identity of the party who will be attending the deposition and provide email addresses for each attendee and/or witness to the party noticing the deposition.

11. Three days in advance of any deposition, the party noticing the deposition will provide meeting invitations and other access instructions to the Parties attending and the witness.

12. The noticing party will arrange for a licensed stenographer and such stenographer will attend the deposition remotely and swear in the witness remotely.

13. Any exhibits used at a remote deposition may be uploaded to the remote deposition service during or prior to the deposition. In the event of a telephonic deposition, exhibits must be transmitted by email to the Parties and the witness prior to the deposition.

14. In the event of technological difficulties or other interruptions affecting a witness, the stenographer, the questioning attorney, or the defending attorney, the deposition shall be suspended for an appropriate length of time. In the event of technological difficulties or other interruptions affecting other party participants attendance (but not the witness, the stenographer, the questioning attorney, or the defending attorney), the deposition will continue, and the transcript of such remote deposition(s) may be used in subsequent stages of the case as if the other party participants were in attendance.

15. Nothing in this Order waives the rights of any Party to seek any further appropriate relief from the Court.

Dated this 24th day of August, 2020.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court